# In the Court of Common Pleas of Berks County.

## MARBERGER, FOR USE, &c., *v.* SPOHN.

A married woman cannot be legally clothed with the title to land when she has the control of no means and no credit which are exclusive of her husband's rights.

Rule for payment of balance of fund raised by sale of real estate to Joseph Reber, and rule for payment of balance to Rebecca Spohn.

Opinion by

WOODWARD, P. J. The property out of which the fund in court has been raised was conveyed by Samuel Marberger to Rebecca Spohn, on the 27th of March, 1868. The sum of $150 was paid on account of the purchase money, and a mortgage for $1650, in which her husband joined, was executed by Mrs. Spohn. It is shown by the depositions read on the argument, that the $150 paid at the time of the conveyance was furnished to her by Mrs. Spohn's sister as a loan, and she states that she still owes her sister the entire amount. There is no proof of any separate estate belonging to her. The whole transaction was an effort to invest a married woman with title to real estate by a series of fresh contracts, while she was living with her husband, with no means of any kind which she could have the right exclusively to control. The property having been sold by proceedings under the Marberger mortgage, the balance, after the payment of the purchase money, is claimed respectively by Mrs. Spohn and by Joseph Reber, a judgment creditor of her husband.

The rights of these parties are defined by rules which have been settled by the supreme court. The proof contained in the depositions that Mrs. Spohn kept boarders does not help her case, for, notwithstanding the act of the 11th of April, 1848, the husband is still entitled to the labor of his wife and the benefit of her industry and economy. Her earnings and savings, not out of her separate estate, do not become her separate property, but belong to her husband as before the act. Raybold *v.* Raybold, 8 Harris 308. "Where a married woman claims property in opposition to her husband's creditors, which has been purchased since the marriage, she must show affirmatively that she has received money or other property 'by will, descent, conveyance, or otherwise,' and invested in the property claimed." Walker *v.* Ramsey, 12 Casey 410. "She must prove her ownership by clear and satisfactory evidence." Rhoads *v.* Gordon, 2 Wr. 277. "She must clearly show that the purchase money was her own, in some way, within the recognition and protection of the act of 1848, for the law presumes it to have belonged to her husband." Hoffman *v.* Toner, 13 Wr. 231.

" To bring the property of a married woman within the protection of the act of 1848, it is necessary to prove that she owns it, as being hers before marriage, or that she acquired it afterward, and in what way. Mere evidence *that she purchased it,* is not sufficient to give her title—it must be satisfactorily shown that it was paid for with her own separate funds. In the absence of such evidence, the presumption is violent that the husband furnished the means of payment. No mere agreement between husband and wife, whether written or verbal, will avail against creditors of the husband, without proof that the property belonged to the wife independently of agreement between themselves." Keeney *v.* Good, 9 Har. 349. The claim of Mrs. Spohn is in no way strengthened by the proof that the $150 paid for the property at the time of the purchase were furnished by her sister. That was a loan. The language of Mrs. Spohn herself, in her depositions, is : "I owe my sister yet the $150." In Robinson *v.* Wallace, 3 Wright 129, it was decided that goods purchased by a married woman on her own credit, and used as stock in trade by her, were not her separate property within the meaning and spirit of the act of 1848. In entering judgment in that case, the supreme court said : "When the husband knows of and assents to the wife's purchases, no matter what she does with them afterwards, he is answerable on her contract for them. How can it be said that such goods are obtained by or result from the wife's property, and are to be protected by the act. Her credit is nothing in the eyes of the law, outside of the special cases, in which it is allowed to be pledged. It is esteemed his credit, and the necessary corollary from this legal position is that the fruits of it are his." In Curry *v.* Bott, 3 P. F. S. 400, a vendor had conveyed land to a wife for the consideration of $300, for which he took her note : he received about $80 on the note, and gave it up to her. This was held to be a purchase and not a gift of the land and it became the property of the husband without clear and satisfactory proof of a separate estate in the wife, which was applied to the payment of the consideration. It was held, also, that her note, without a separate estate devoted to its payment, was not sufficient to give her the title, the presumption being that it was to be paid by the husband.

The whole claim of Mrs. Spohn is against the policy of the law, and in contravention of settled and unquestioned rules. Any effort to clothe a woman with title to land when she has the control of no means and no credit, which are exclusive of her husband's rights, must always, as against creditors, be a fruitless labor, until an organic change shall be made both in our legal and in our social systems.

The rule to show cause on behalf of Joseph Reber is made absolute. The rule on behalf of Rebecca Spohn is discharged.